**No. 25-2394**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ROBERT RAYA,

*Plaintiff-Appellant,*

v.

CALBIOTECH, INC.; DAVID BARKA; NOORI BARKA; EVELYN BARKA;
CALBIOTECH, INC. 401(K) PROFIT SHARING PLAN; CALBIOTECH INC.
PENSION PLAN,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of California
No. 3:19-cv-02295-WQH-AHG
Hon. William Q. Hayes

_____

## APPELLANT'S REPLY BRIEF

_____

Robert E. Raya
2401 Seaside St #218
San Diego, CA 92107
(619) 864-8501
robertraya@gmail.com

*In Pro Se*

## INTRODUCTION

Plaintiff/Appellant Robert Raya submits this Reply Brief in response to Appellee's Answering Brief (DktEntry 9.1).

## I. CORPORATE DISCLOSURE STATEMENT

Appellees' corporate disclosure statement within their Answering Brief (DktEntry 9.1; pg. 8) is incorrect. Defendants'/Appellees' statement that "Appellees have no parent corporation" is not correct. Defendant Calbiotech, Inc. has stated in a district court filing in a related case that "Defendant [Calbiotech, Inc.] is a wholly-owned subsidiary of its parent company, Erba Mannheim". (3:18-cv-02643; ECF No. 7, pg.2)

Erba Mannheim itself is a subsidiary of Transasia Bio-Medicals.

Defendant/Appellee Calbiotech, Inc. has also previously stated: "Calbiotech, Inc. was a private, for-profit company owned by Noori Barka until it was acquired by Erba Mannheim in 2017" (3:18-cv-02643; ECF No. 6, pg.3)

## II.   ARGUMNENT

### A. Interference with Document Subpoenas

Defendants/Appellees sent letters to each subpoena respondent stating:

> "Please be advised that my clients will be making an objection to this subpoena.  …**We respectfully request** based on our challenging the subpoena **that you not produce any documents to the requesting party** prior to the challenge hereto being resolved by the Court or the subpoena being withdrawn by the plaintiff." (Emphasis added) (ECF No. 143, pg. 4-5)

In their Answering Brief, Defendants/Appellees make a distinction between "instructing" a respondent not to comply and "requesting" that a respondent not comply.  Defendants argue that they merely "requested" that respondents not comply and, therefore, they did not interfere.

Defendants argue that the district court's reliance *on Lofton v. Verizon Wireless, LLC*, 308 F.R.D. 290 (N.D. Cal. 2015) is proper because in the *Lofton* case, just as in this case, Defendants did not "instruct" the respondents not to respond.  This, however, ignores the fact that, in the *Lofton* case, unlike this case, no party made any request that respondents not respond.  That is the main reason that reliance on the *Lofton* case is improper.

Defendants also argue that the fact that Plaintiff/Appellant Mr. Raya requested, inter alia, the plan documents from respondents and the fact that one of

respondents partially responded, is proof that Appellant Mr. Raya already received the plan documents in question and there is no need to reissue subpoenas. However, the lone respondent (Principal Financial) did not respond with any plan documents because it turns out that Principal was never in possession of any Calbiotech retirement plans' Plan Documents. Defendants/Appellants are fully aware of this fact because all responsive documents sent from Principal were shared with Defendants as per the rules of discovery.

## B. Dismissal of  Pension Plan Claims by way of Summary Judgment

### 1. Reliance on the Credibility of Defendant David Barka During Summary Judgment

Defendants/Appellants state that: "Appellant appears to argue that no district court may rely on facts stated in a witness declaration submitted or referenced in support of a motion for summary judgment". The truth is I have never made that argument. Defendant David Barka is not merely a "witness" submitting a declaration in support of a motion for summary judgment. Mr. Barka is a key Defendant accused of withholding plan documents and falsifying plan documents. The district court's reliance solely on Mr. Barka's short simple declaration that the Amendment is authentic, in the face of evidence to the contrary, is improper.

A more accurate generalization of a party's argument would be to say Defendants are asking the court to make a rule that says a defendant can avoid accountability during summary judgment phase by simply declaring "I didn't do it".

In this section of their Answering Brief, Defendants/Appellants also introduce a new argument that they did not present to the district court, claiming that Mr. Raya, in one of his prior *statements of undisputed facts*, submitted that the Amendment was executed and adopted in 2008. Defendants are well aware that, to the extent this were true, it would only have been a one-time statement made for the sake of argument while making another point. Defendants and the district court are aware that every other argument and brief submitted by Mr. Raya argues that the Amendment was created and produced for the first time in 2019 and it is not authentic.

## 2. Failure to Consider Material Facts

### a. Material Fact #1: The Disputed Amendment does not appear in the Pension Plan Documents produced in 2018

Defendants-Appellants acknowledge that the Amendment appeared for the first time in 2019 and was not included in the Plan Documents produced in 2018, and Defendants acknowledge that the district court did not address that fact anywhere in their MSJ Order (ECF No, 114). Defendants point out that

the letter introducing the Plan Documents produced in 2018 never used the word "complete", and Defendants argue the district court addresses this point in their Order (ECF No. 123) following Mr. Raya's first motion for reconsideration.

In the district court's Order denying Raya's first motion for reconsideration, the district court improperly made inferences in favor of the MSJ's moving party when the district court held that the Administrator's use of the word "certain" and the lack of the word "complete" when introducing the pension plan documents meant that the Administrator meant to omit the Amendment from the plan documents sent that day.

    **b. Material Fact #2:** Calbiotech claims the Amendment was created and executed in 2008, but it contains the name of an employee "Sabreen Najeeb" who was hired in 2011.

Defendants/Appellants argue the district court addressed this issue when it stated in its MSJ Order: "the 2008 Amendment does not purport to confer participant status on any individual or otherwise supersede the eligibility requirements of the [Pension Plan's] Adoption Agreement." [1SER0069:3-5.]"

However, a quick and simple review of the district court's MSJ Order (ECF No. 114) shows the district court's statement is not at all addressing Material Fact #2, but is instead responding to Raya's other argument that the Amendment names other employees, who, while actually employed in 2008 when the Amendment purports to have been written, were not actually eligible to participate in the plan in 2008, according to the Plan's eligibility rules.

Defendants/Appellees also make a new argument, never presented to the district court, claiming that Ms. Najeebs hiring in 2011 is immaterial because:

> "[E]ven if Ms. Najeeb was hired by the Company subsequent to its adoption of the 2008 Amendment in December 2008, the Pension Plan does not eliminate or preclude the possibility of naming prospective future employees who *may* be hired by the Company at some point in the future and who *may* become eligible to participate in the Pension Plan upon their satisfaction of its eligibility requirements" (DktEntry 9.1; pg. 27 of 61)

The district court never weighed in on this specific argument because this argument was never presented to the district court.

### 3. Movant's Failure to Establish the Absence of a Genuine Issue of Material Fact

In their Motion For Partial Summary Judgment, Defendants argued they are entitled to summary judgment:

> **"…because the Amendment is legally effective as of September 1, 2008, pursuant to 26 CFR § 1.401(a)(4)-11(g)(3)(iii)… and** is legally enforceable for the reasons previously noted by Defendants in their opposition to Plaintiff's first motion for partial summary judgment**." (ECF No. 83, pg.10, 5:15) (emphasis added)**

Defendants' argument offered no clarification on which 'previously noted reasons' they are referring to. Defendants offered no page numbers or docket numbers that the reader can refer to.

In their Answering Brief, Defendants/Appellants incorrectly claim that

> "Appellant made no such argument below when opposing [Appellees'] motion for summary judgment with respect to the language used by Appellees to which he cites and *now* takes issue with for the first time on appeal" (DktEntry 9.1, pg.28 of 61)

However, this exact argument was put before the district court in Raya's 3rd Motion for Reconsideration (ECF No. 135; pg. 11), which stated:

> "The Court erred when granting summary judgment in favor of Defendants as to claims one through three to the extent they relate to the Pension Plan because Defendants have failed to meet their initial burden and summary judgment must be denied. The moving party

bears the initial burden of establishing the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. at 323 (1986)."

**"Failure To Show The Amendment is "Legally Enforceable"**
"In their Motion For Partial Summary Judgment, Defendants argue they are entitled to partial summary judgment"

"…because the Amendment is legally effective as of September 1, 2008, pursuant to 26 CFR § 1.401(a)(4)-11(g)(3)(iii)… **and is legally enforceable for the reasons previously noted by Defendants in their opposition to Plaintiff's first motion** for partial summary judgment." (ECF No. 83, pg.10, 5:15) (emphasis added)"

"Defendants fail to present or identify any evidence or material facts which, if undisputed, show the Amendment is "legally enforceable" and Defendants have failed to show an absence of evidence which can dispute the contention that the Amendment is "legally enforceable"". (ECF No. 135; pg. 11)

Even if Raya had failed to raise this argument in his initial opposition to Defendants' MSJ, the district court still should not have dismissed Raya's pension plan claims because…

"If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)

### 4. The Plain Unambiguous Language of the Pension Plan Document Confers Eligibility on Mr. Raya and All Regular Employees

Appellees argue, just as the district court did, that Mr. Raya's arguments are untimely. Defendants do not contest the fact that the plain language of the Pension Plan documents confers eligibility on to Mr. Raya and all other regular employees. The district court does not address the merits of Raya's argument and is silent on whether or not Raya actually had eligibility to enroll in the Pension Plan in 2008.

Mr. Raya presented his argument to the district court as soon as he realized the importance of the language in the Basic Plan Document. In Raya's 3rd motion for Reconsideration (ECF No. 135; pg. 13-15) explained:

> "To the extent any of Plaintiff's facts or arguments above could have been presented or produced to the Court either at or before the February, 17, 2022 hearing, Plaintiff submits the following factors prevented him from presenting or producing such facts at or before the hearing, and any untimely arguments could not have been prevented by exercising reasonable due diligence, due to the following factors:"

> a. "The hearing on February 17, 2022 did not afford Plaintiff enough time to properly argue or defend his positions regarding Defendants' Motion For Partial Summary Judgment (ECF No. 83) because, at that hearing, the parties were each provided only 20 minutes to argue and defend four separate Summary Judgment motions (ECF No. 60; ECF No. 79; ECF No. 83; ECF No. 92), two cross motions for summary judgment (ECF No. 74; ECF No. 97), as well as Defendants' motion to Dismiss the SAC (ECF No. 77)". (ECF No. 114, pg. 1:3)

b. "The two material facts identified… above are not addressed in Defendants' Motion For Partial Summary Judgment (ECF No. 83). By failing to address these material facts and evidence in the record within their Motion, Defendants made certain they could address these facts for the first time in their Reply Brief, and thus, made certain Plaintiff would have no chance to properly respond to any argument they made."

c. "After Defendants filed their instant Motion For Partial Summary Judgment on November 3, 2021, Defendants served Mr. Raya with an unusually high amount of Discovery Requests. Between November 12 and November 29, 2021, Defendants propounded **52 Interrogatories**, **27 Requests For Production, and 24 Requests For Admissions** on to Mr. Raya. (R.Raya Decl., pg.3, ¶11)"

d. "The Calbiotech **Retirement Plan Adoption Agreements and Basic Plan Documents contain highly technical and legal language and were not written in a way that was meant to be understood by the average person**."

e. "In the days and weeks ahead of the February 17, 2022 hearing, the following commitments contributed to reducing the amount of time and resources available to Mr. Raya to diligently prepare for the hearing:"

i. "Feb 12 – Feb 21, 2022 - Prepare for 8-hour Deposition by Defendants (R.Raya Decl., pg.3, ¶12)"

ii. "February 8-16, 2022 – Write and submit share of Joint Discovery Motion in which Mr. Raya moved the Court to compel Calbiotech to produce discovery documents (ECF No. 104). (The Court ruled in favor of Mr. Raya. (ECF No. 110))"

iii. "December 20, 2021 - January 31, 2022 – Spent hours each week in late December 2021 and January 2022, exhausting all attempts to get Defendants to respond to Discovery Requests. Email communications reveal a sample of Mr. Raya's diligent efforts, and Defendants' apathetic responses and stalling tactics." (ECF No. 135; pg.13-15)

The record shows that Raya diligently prosecuted this case and made good faith efforts to bring his facts and arguments to the court as soon as Raya became aware of them.

### C. Appellees Introduced a Falsified Document as one of Their Trial Exhibits

The district court erred when it cited *Cunningham v. Hamilton County*, 527 U.S. 198, 205-06 (1999) to justify the district court's refusal to sanction Defendants for submitting a falsified document or to even hold a hearing before trial.

Defendants offer no coherent argument as to why the *Cunningham* case is proper considering that the *Cunningham* court was clearly giving reasons why an appellate court should wait for a district court to finish trial before the appellate court considered falsified evidence and could not be used by a district court as a reason not to evaluate their own falsified evidence.

Defendants still do not deny that someone changed the date on the signature page of the Calbiotech 401(k) Plan documents. Defendants attempt to downplay the significance of this forgery and describe it as an innocuous mistake. Defendants do not explain how the innocuous mistake (meaning the original date of 09/01/2011) showed up on two other separate documents with separate authors. (ECF No. 154) Defendants still can't explain how this document, which they

speculate was created by a third party administrator who passed away in 2019, showed up in the district court for the first time as one of their trial exhibits in 2023.

### D. Forfeited or Waived Defenses

At trial Defendants raised the defense that Raya was terminated due to "the quality of work, the inconsistency, the missing meetings, the not showing up, going late, leaving at will, aggressive behavior, disagreements, causing interactions in the company." (ECF No. 195 pg. 175) Defendants failed to raise this defense in their Answer or in their final Pretrial Conference Order (ECF No. 186) or in any motion throughout the years long litigation.

Defendants/Appellees argue that Raya was given proper notice of this defense in the final Pretrial Conference Order when Defendants stated

> "[t]he business decision to terminate [Appellant]'s employment at Calbiotech, Inc. had nothing to do with [Appellant] engaging in any activity protected by ERISA, and his termination was premised strictly upon legitimate non-discriminatory reasons."

However, due to the fact that the reason for termination stated in Raya's complete personnel file was that his "position was eliminated". And combined with the fact that the reason given to Raya at the time of his termination by David Barka was that his position was eliminated. And due to the fact that Raya's

personnel file contained absolutely no record of any performance or disciplinary issues, Raya reasonably assumed that the "business decision" Defendants were referring to was that Raya's position was eliminated.

### E. Admission of Inadmissible Evidence and Reliance on that Inadmissible Evidence at Trial

Defendants/Appellees do not deny that their Trial Exhibits CL through DL were produced to Mr. Raya less than two weeks before trial. Appellees do not deny that these Trial Exhibits should have been produced in response to Raya's discovery RFPs. Defendants incorrectly argue that Raya suffered no prejudice as a result of Defendants withholding their trial exhibits until two weeks before trial.

### F. Waiver was Not Knowing and Voluntary

Defendant Calbiotech withheld Plan Documents from Mr. Raya until after Raya signed the separation waiver. The waiver was signed on December 7, 2016 and Plan Documents were produced for the first time on December 14, 2016.

The district court improperly determined that the fact that Raya contacted an attorney around December 12, 2016 in hopes of getting advice about how Raya can obtain Plan Documents, meant that Raya received advice from an attorney regarding the separation waiver that Raya signed on December 7, 2016.

The district court relied on inadmissible evidence to reach this conclusion, however that same evidence shows that Raya may have communicated some of his situation to the attorney over the phone, but the attorney did not offer any advice or counsel and the attorney never called him back or responded to Raya's follow up email. (Raya later learned that attorney, Thomas Monson, was actually representing Defendant Calbiotech.)

The district court found that these facts weighed in favor of finding that the waiver was knowing and voluntary. Defendants/Appellees argue that reversing this finding alone would not change the ruling that the waiver was knowing and voluntary. However, the record shows that the district court weighed six factors when making their finding. Three factors weighed in favor of finding the waiver to be knowing and voluntary and three factors weighed in favor of finding the waiver to *not* be knowing and voluntary. Changing the district court's ruling on one single factor would clearly change the overall determination of whether or not the waiver was knowing and voluntary

## III.   CONCLUSION

For the foregoing reasons, the district court's final judgment for all claims and the counterclaim should be reversed, and the case remanded for a new trial.

The summary judgment dismissal of Raya's Pension Plan claims should be reversed and Raya's Pension Plan claims should be considered on the merits. Alternatively, Raya should be ruled a participant in the Pension Plan pursuant to the plain unambiguous terms of the Plan Documents and Raya should be enrolled as of the time he became eligible in 2008.

Under penalty of perjury, I swear the foregoing to be true and correct.

Date:  September 22, 2025

 *s/ Robert Raya*
Robert Raya, Plaintiff/Appellant
In pro se